# EXHIBIT 9

**SIDE LETTER**

to the Sale Agreement dated 6 November 2025

**between**

**Istar Capital Limited** and **Tennor LLC**

**Date:** 6 November 2025

**Parties:**

(1) **Istar Capital Limited**, a company incorporated in the United Arab Emirates with registered address at Unit 604, Index Tower, DIFC, Dubai ("**Seller**"); and

(2) **Tennor LLC**, a company incorporated under the laws of the United States of America, a company incorporated under the laws of the United States of America with its registered office at a limited liability company incorporated under the laws of the State of Delaware, United States of America, with registered address at 8 The Green, Suite B, City of Dover, Kent County, Zip Code 19901 ("**Purchaser**").

**Background**

A Sale Agreement dated 6 November 2025 (the "**Agreement**") was entered into between the Seller and the Purchaser regarding the sale and purchase of certain Voltaire Finance B.V. Bonds.

The Parties wish to record their mutual understanding that execution and performance of the Agreement shall be subject to specific conditions outlined below.

**1. Conditionality**

1.1 The Parties agree that the effectiveness, execution, and performance of the Sale Agreement dated 6 November 2025 (the "Agreement") shall be expressly conditional upon the formal lifting of the court seal on the premises located at 45th Floor, ICD Brookfield Place, DIFC, Dubai (the "Premises").

1.2 Until such confirmation is received in writing by both Parties, no rights or obligations (including payment, completion, or transfer) shall arise under the Agreement.

1.3 Upon written confirmation that the court seal has been lifted, the Agreement shall automatically become fully effective and binding without further action.

**2. Settlement Context and Offset Provisions**

2.1 The Parties acknowledge and agree that this Agreement and the transactions contemplated herein form part of a wider, coordinated settlement between the Purchaser, the Seller, and various related parties and third parties (collectively, the "Settlement Parties").

2.2 The Parties expressly agree that any funds paid or to be paid under Clause 2.2 of the Agreement (USD 2,500,000) are not standalone or additional consideration, but shall be treated strictly as a component of the overall settlement framework, and shall be fully subject to set-off, deduction, or netting against any and all inter-company, related-party, or third-party liabilities and obligations existing between the Settlement Parties.

2.3 For the avoidance of doubt, the Seller irrevocably waives any right to assert that the USD 2,500,000 constitutes a payment due or owing outside the context of the broader settlement, and acknowledges that no funds shall be treated as released, earned, or unconditional unless and until all related settlement obligations (including any agreed stays, releases, or extinguishments of claims) have been fully implemented.

2.4 The Seller further agrees that any proceedings, enforcement actions, or claims whether commenced or threatened between any of the Settlement Parties shall remain stayed or suspended pending full implementation of the overall settlement, and that this Side Letter constitutes an enforceable undertaking to that effect.

2.5 In the event the Seller breaches or frustrates the performance or completion of the broader settlement, the Purchaser shall be entitled, without limitation, to set off any and all sums paid under the Agreement, to demand immediate repayment, and to treat the Agreement as null and void ab initio, without prejudice to any other rights or remedies available at law or in equity.

### 3. Continuing Effect

3.1 Except as expressly modified by this Side Letter, all terms of the Agreement shall remain in full force and effect.
3.2 This Side Letter shall form an integral and enforceable part of the Agreement and shall prevail in the event of any inconsistency.

### 4. Governing Law and Jurisdiction

This Side Letter shall be governed by and construed in accordance with the laws of the State of New York, United States of America, and the Parties submit to the exclusive jurisdiction of the courts of New York City.

**Executed for and on behalf of:**

Istar Capital Limited

*[signature]*

Name: Oleg Victor Jelesko

**Executed for and on behalf of:**

Tennor LLC

*[signature]*

Name: Lars Windhorst