# EXHIBIT 11

**ISTAR CAPITAL LTD.**
Unit 604, Index Tower, DIFC, Dubai, 507268, UAE
Company registration number 2950

24 November 2025

To: **Tennor LLC** ("Tennor")
8 The Green, Suite B, City of Dover, Kent County, Zip Code 19901
Attn: Lars Windhorst
Emails: Lars.Windhorst@tennor.com, Eoin.Speight@lw-office.com

Re: Final Escalated Notice Before Action – Continuing Default, Willful Non-Performance and Anticipated Litigation

Dear Sirs:

We write further to our **Payment Demand dated 20 November 2025** (the "Initial Demand"), which placed Tennor LLC ("Tennor") on formal notice of default and required immediate remittance of the Purchase Price due under the **Securities Sale and Purchase Agreement dated 6 November 2025** (the "Agreement").

Despite the Initial Demand and the clear deadline set therein, **no payment has been received**. As of today's date, Tennor is in **ongoing, deliberate, and knowing breach of its contractual obligations**.

## 1. Continuing Default and Willful Misconduct

The Seller again notes that:

- The condition precedent under the Side Letter was **fully satisfied on 10 November 2025**.
- Completion was required **no later than 18 November 2025**.
- The Purchase Price of **USD 2,500,000** became **immediately due and payable** at that time.
- The Initial Demand provided Tennor with a generous and final opportunity to cure by **21 November 2025**.

Tennor's continued refusal to pay is **not attributable to commercial circumstances or operational delays**. It constitutes **willful misconduct**, undertaken with full awareness of the Agreement's requirements and with the clear intention to obstruct the Seller's rights.

## 2. Fraudulent Inducement and Tennor Group's Pattern of Bad-Faith Dealings

The Seller must also place on record that Tennor's conduct is **not an isolated event**. It fits a well-established pattern of Tennor Group entities entering into monetary or settlement obligations with creditors only to **ignore, delay, obstruct, or evade** those obligations.

The following earlier settlement or restructuring agreements (collectively, the "Prior Settlements") were executed by Tennor Group members but subsequently breached or left

unfulfilled:

- Settlement Agreement 1: 19 January 2025, between Istar Capital and Tennor International AG, breached obligations to purchase the EUR 6,500,000 Voltaire Finance B.V. 7% Bonds (ISIN: DE000A193EJ6);
- Settlement Agreement 2: 28 July 2025, between Istar Capital and Tennor International AG, breached obligations to purchase the EUR 6,500,000 Voltaire Finance B.V. 7% Bonds, ISIN: DE000A193EJ6, and deliver 56,180 shares of Heckler & Koch AG, ISIN: DE000A11Q133.

Against this backdrop, Tennor's conduct in negotiating and signing the Agreement — while withholding any intention to perform — appears to amount to **fraudulent inducement**. This includes the making of commitments, assurances, and representations at signing that Tennor had no genuine intention to honour.

The Seller will place this history before the **New York courts** as part of its evidentiary record and as further support for claims in tort and fraud.

## 3. Final and Non-Extendable Opportunity to Perform

Notwithstanding Tennor's repeated defaults and bad-faith conduct, the Seller grants one final and strictly non-extendable opportunity to remedy the breach.

Tennor must remit the full **USD 2,500,000 Purchase Price, without any set-off, deduction, withholding, or counterclaim**, by **immediate value today** to the bank account indicated in the Payment Demand of 20 November 2025.

If cleared funds are not received **today**, the Seller will proceed without further notice.

## 4. Commencement of Litigation in New York

If payment is not received today, the Seller will immediately commence legal proceedings in the **state or federal courts sitting in New York City**, pursuant to **Clause 7.1 of the Agreement**.

The Seller will seek:

- The full Purchase Price of USD 2,500,000
- Contractual damages
- Pre-judgment interest under New York law
- Legal fees and all enforcement costs
- A judicial finding of **willful misconduct**
- Claims for **fraudulent inducement, bad-faith non-performance**, and **intentional obstruction**

In such proceedings, the Seller will rely extensively on the **Prior Settlements** to demonstrate Tennor's systemic pattern of non-performance and to support its tort-based claims.

For clarity, this letter constitutes the Seller's formal **Notice Before Action / Pre-Litigation Demand** as required under New York law, including commercial practice rules.

## 5. Reservation of Rights

All of the Seller's rights and remedies under the Agreement, the Side Letter, the Prior Settlements, and under applicable law (contractual, statutory, tort, and equitable) are expressly reserved.

Nothing herein shall be taken as a waiver of any rights.

Yours faithfully,

..................................
Oleg Jelesko, Istar Capital Ltd.
Director